# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| George Kenneth Schopp, § <br> § <br> Plaintiff, § <br> § CA No.: 4:20-cv-868 <br> § <br> v. § <br> § Class Action <br> Quick Capital Funding, LLC § Jury Demanded <br> § <br> Defendant. § | |

**PLAINTIFF GEORGE KENNETH SCHOPP'S
CLASS ACTION COMPLAINT**

George Kenneth Schopp ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). He is also suing under Section 305-053(c) of the Texas Business & Commerce Code.

1. **Background**

    1.1. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744.  In enacting the TCPA, Congress

---

intended to give consumers a choice as to how creditors and telemarketers may call them. Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

1.2. Plaintiff's residential cellular telephone number (469-XXX-1358, the "Telephone Number") is/was listed on the national Do Not Call Registry, a list explicitly designed to protect the public from these kind of intrusive telemarketing calls. Quick Capital Funding, LLC ("**Defendant**") or its telemarketing representative or lead generator called Plaintiff's residential phone on approximately 16 occasions beginning on October 7, 2019, and made marketing solicitations, i.e., calls for the purpose of the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

1.3. Because Plaintiff had not given his consent to receive these calls from Defendant, these calls violated the TCPA and the Do Not Call Registry laws and regulations.

1.4. This is the exact scenarios Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

1.5. Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

1.6. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

2. **Parties**

2.1. Plaintiff is a resident of this District. The calls were received in this District.

2.2. Upon information and belief Defendant is a corporation that solicits business in the State of Texas. Defendant can be served at 19800 Macarthur Blvd., Suite 300-117, Irvine, California 92612.

3. **Jurisdiction and Venue**

   3.1. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

   3.2. Supplemental jurisdiction exits pursuant to 28 U.S.C. § 1367.

   3.3. Venue is proper because the Plaintiff is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction. Defendant made calls to a resident of this District.

4. **Article III Standing**

   4.1. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Morris v. Hornet Corp.*, No. 4:17-CV-00350, 2018 WL 4781273 (E.D. Tex. Sept. 14, 2018), *report and recommendation adopted,* No. 4:17-CV-00350, 2018 WL 4773547 (E.D. Tex. Oct. 3, 2018).

   4.2. Plaintiff was harmed by Defendant's actions of calling his residential phone while his number was on the Do Not Call Registry, without consent in the following manners:

   4.2.1. Plaintiff's privacy was invaded by Defendant;

   4.2.2. Plaintiff was harassed and abused by Defendant's telephone calls;

   4.2.3. Defendant's calls were a nuisance to Plaintiff;

  4.2.4. Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

  4.2.5. Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's cellular telephone;

  4.2.6. Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

  4.2.7. Defendant's seizure of Plaintiff's telephone line was intrusive; and

  4.2.8. Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his ring and having to check the calling party.

## 5. Factual Allegations; Defendant placed telemarketing calls to the Plaintiff

 5.1. Several years ago, Plaintiff's name and phone number were inadvertently placed on a call list of small business owners. Since this time Plaintiff has received voluminous unwanted and unsolicited sales calls from the merchant cash advance industry. The Plaintiff has never been self-employed nor had his phone number published with such intent. This erroneous "call list" has caused hundreds or thousands of nuisance calls violating the Plaintiff`s right to privacy and solitude afforded under the TCPA.

 5.2. Plaintiff is the owner of and user of the cellular telephone number 469-XXX-1358. The cellular number is used as a residential phone number.

Each of the telephone calls referenced below was made to Plaintiff's residential telephone number 469-XXX-1358. None of the calls at issue were placed by Defendant to Plaintiff's phone number for "emergency purposes."

5.3. Beginning on October 7, 2019, Plaintiff began receiving telephone calls directly from Defendant or from Defendant's telemarketing representatives who made the telephone calls as the agent for and on behalf of Defendant (all references herein to Defendant include Defendant's telemarketing representatives).

5.4. The telephone calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant was seeking to loan money to Plaintiff.

5.5. Plaintiff is not a customer of Defendant and has not provided Defendant with his written consent to be called.

5.6. All the calls were placed to a telephone number that Plaintiff had listed on the National Do Not Call Registry for more than 31 days prior to the calls.

5.7. All of the calls were made by Defendant or Defendant's authorized agents and partners in Defendant's solicitation scheme. Thus, all of the calls were made on behalf of Defendant.

5.8. All of the calls used "spoofing" to show a local area code.

5.9. Calls were made by Defendant to the Telephone Number on 10-7-2019 (3 calls); 10-9-2019; 10-14-2019; 10-15-2019; 10-17-2019; 10-18-2019.

5.10. On 11-12-2019 Defendant signed for a letter from Plaintiff indicating Plaintiff's intent to sue over the calls.

5.11. Thereafter more calls were made to Plaintiff by Defendant on 1-24-2020; 1-227-2020 (2 calls); 1-29-2020; 2-21-2020; 11-02-2020 and 11-05-2020.

5.12. Plaintiff answered some of the calls, there was silence, an agent then came on the line. These facts are consistent with the use of an automatic telephone dialing system ("ATDS").

5.13. During the 10-7-2019 calls and the 10-9-2019 call, Plaintiff told the caller that he "sues telemarketers" and "don't call again."

5.14. During the 10-15-2019 call, Plaintiff told the caller that he "sues telemarketers."

5.15. During the 10-17-2019 call, Plaintiff told the caller that he "sues."

5.16. All of the calls were willful and knowing violations of the TCPA.

6. **Class Action Allegations**

6.1. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States and on behalf of a class of

all other persons or entities similarly situated throughout the State of Texas.

6.2. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as:

    6.2.1. **Autodialed No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using the same equipment Defendant used to call Plaintiff, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to place autodialed calls to the Plaintiff, or (b) they did not obtain prior express written consent.

6.3. The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as:

    6.3.1. **Do Not Call Registry Class**: All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called more than one time, (2) within any 12-month period (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims it (a) obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff, or (b) did not obtain prior express written consent.

6.4. The class of persons Plaintiff proposes to represent with respect to Count Three is tentatively defined as:

    6.4.1. **Do Not Call Registry Class:** All persons in the state of Texas from four years prior to the filing of this action through the present who (1)

Defendant (or an agent acting on behalf of Defendant) called where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (2) for the purpose of selling Defendant's products and services; and (3) for whom Defendant claims it (a) obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff, or (b) did not obtain prior express written consent.

6.5. The classes as defined above are identifiable through phone records and phone number databases.

6.6. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of calls that he received, that the classes are so numerous that individual joinder would be impracticable. The potential class members number at least in the hundreds or thousands.

6.7. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

6.8. Plaintiff is a member of the classes.

6.9. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    6.9.1. Whether Defendant violated the TCPA or the TBCC by engaging in advertising by unsolicited telemarketing calls;

    6.9.2. Whether Defendant or its agents, within the four years before the filing of this Amended Complaint, made one or more one telemarketing calls to a recipient's cell phone with the use of an ATDS.

    6.9.3. Whether Defendant or its agents, within the four years before the filing of the initial Complaint, made one or more one telemarketing calls within any twelve-month period to individuals whose telephone number had been registered on the Do Not Call Registry for more than 31 days and made such calls without the consent of the recipient of the call.

    6.9.4. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

6.10.     Plaintiff's claims are typical of the claims of class members.

6.11. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

    6.12.    The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

    6.13.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

    6.14.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

    6.15.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**7.  Count One: Violation of the TCPA's ATDS provisions**

    7.1.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

    7.2.    The Defendant violated the TCPA by initiating telephone solicitations to cell phone numbers with the use of an ATDS.

7.3. The Defendant's violations were knowing/willful as Defendant was spoofing the calling phone numbers and had no prior business with Plaintiff.

7.4. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

    7.4.1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

    7.4.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

    7.4.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

    7.4.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

    7.4.5. That the Plaintiff recover his attorneys' fees and costs.

    7.4.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

8. **Count Two: Violation of the TCPA's Do Not Call provisions**

    8.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

    8.2. Defendant made more than one unsolicited telephone call to Plaintiff and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant and do not have a current record of consent to place telemarketing calls to their registered phone numbers.

    8.3. The Defendant violated the TCPA by initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

    8.4. Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

    8.5. The Defendant's violations were knowing/willful as Defendant was spoofing the calling phone numbers and had no prior business with

Plaintiff.  Defendant did not subscribe to or utilize the Do Not Call database.

8.6. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

8.6.1.  That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

8.6.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

8.6.3.  That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

8.6.4.  That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

8.6.5.   That the Plaintiff recover his attorneys' fees and costs.

8.6.6.  That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

9. **Count Three: Violation of Tex. Bus. & Com. Code, Chapter 305 ("TBCC")**

9.1. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

9.2. Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

9.3. Defendant is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

9.4. Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

9.5. As set forth above Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

9.6. Plaintiff is entitled to a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

9.7. Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendant.

9.8. Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation by Defendant that the Court finds was made knowingly or intentionally.

9.9. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

9.9.1. That Defendant be restrained from engaging in future telemarketing in violation of the TBCC.

9.9.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

9.9.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

9.9.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

  9.9.5. That the Plaintiff recover his attorneys' fees and costs.

  9.9.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**10. Count Four Injunctive relief to bar future TCPA violations**

 10.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

 10.2. The TCPA and the TBCC authorize injunctive relief to prevent further violations of the TCPA.

 10.3. The Plaintiff respectfully petitions this Court to order the Defendant, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

**11. Jury Demand**

 11.1. Plaintiff requests a jury trial as to all claims of the complaint so triable.

       Respectfully submitted:

       By: */s/ Chris R. Miltenberger*
         Chris R. Miltenberger
         Texas State Bar Number 14171200

        Designated as Lead Attorney

       **The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff