# UNITED STATES DISTRICT COURT
## Eastern District of Texas
### Sherman Division

| | |
|---|---|
| George Kenneth Schopp, § | |
| § | |
| Plaintiff, § | |
| § | CA No.: 4:20-cv-868-ALM |
| § | |
| v. § | |
| § | Class Action |
| Quick Capital Funding, LLC, § | Jury Demanded |
| § | |
| Defendant. § | |

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**

Plaintiff, George Kenneth Schopp ("**Plaintiff**"), requests that the Clerk of Court enter default against Defendant Quick Capital Funding, LLC ("**Quick Capital**"), pursuant to Federal Rule of Civil Procedure 55(a). In support of this request, Plaintiff states the following:

### SUMMARY

1. ECF No. 4 demonstrates that Quick Capital's registered agent was served with a copy of Plaintiff's Original Complaint in this cause on November 30, 2020. More than twenty-four days have elapsed since the date of service of process, and Quick

Capital has failed to answer, challenge or otherwise defend as required by Federal Rule of Civil Procedure 12(a)(1)(A).[1]

## BACKGROUND

2. On November 6, 2020 Plaintiff filed his Original Complaint (ECF No. 1) against Quick Capital in this suit seeking monetary relief for unlawful telephone calls and summons was issued on November 9, 2020 (ECF No. 3). Plaintiff served Quick Capital's agent for service of process by registered mail on November 30, 2020 (ECF No. 4, p. 2-5).

3. Quick Capital has not appeared in this action.

## ARGUMENTS AND AUTHORITIES

4. The Clerk of Court must enter a default against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a); *see N.Y. Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996).

5. The Clerk should enter a default against Quick Capital because it did not file a responsive pleading within 24 days of service. Fed. R. Civ. P. 12(a)(1)(A)(i); Fed. R. Civ. P. 6(d); *see* Fed. R. Civ. P. 55(a).

6. The Clerk should enter a default against Quick Capital because it did not otherwise defend the suit. Fed. R. Civ. P. 55(a).

---

[1] Fed. R. Civ. P. 12 (a)(1)(A)(i); Fed. R. Civ. P. 6(d).

7. Because Quick Capital did not file a responsive pleading or otherwise defend the suit, it is not entitled to notice of entry of default. *See* Fed. R. Civ. P. 5(a)(2); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141-42 (5th Cir. 1996).

8. Plaintiff is, therefore, entitled to entry of default against Quick Capital because it has failed to file an answer to the Original Complaint or any other responsive pleadings. This entry of default is authorized by Rule 55 of the Federal Rules of Civil Procedure and is properly supported by the Affidavit of Chris R. Miltenberger attached hereto as Exhibit "1."

## **PRAYER**

For the foregoing reasons, Plaintiff respectfully requests the Clerk of Court to enter a default against Defendant Quick Capital in this matter.

Respectfully submitted:

By:    */s/ Chris R. Miltenberger*
       Chris R. Miltenberger
       Texas State Bar Number 14171200

The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Designated as Lead Attorney pursuant to Local Rule CV-11(a)

Attorney for Plaintiff George Kenneth Schopp

### Certificate of Service

The undersigned certifies that today, the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules. Defendant has not yet appeared.

By:    */s/ Chris R. Miltenberger*
       Chris R. Miltenberger