# UNITED STATES DISTRICT COURT
## Eastern District of Texas
### Sherman Division

| | | |
|---|---|---|
| George Kenneth Schopp, | § § | |
| Plaintiff, | § § § § | CA No.: 4:20-cv-868-ALM |
| v. | § § § | Class Action |
| Quick Capital Funding, LLC, | § § | Jury Demanded |
| Defendant. | § | |

**Plaintiff George Kenneth Schopp's Motion for Default Judgment Against Defendant Quick Capital Funding, LLC and Memorandum in Support Thereof**

### I. STATEMENT OF THE ISSUE BEFORE THE COURT

This Court granted Plaintiff a default judgment under the Telephone Consumer Protection Act ("TCPA") in a previous case against a different defendant. *See Schopp v Results National, LLC*, Civil Action No.: 4:16-cv-00890, Dkt. 33 (E.D. Tex. Oct.4, 2018), *report and recommendation adopted,* Civil Action No.: 4:16-cv-00890, Dkt. 35 (E.D. Tex. Oct.30, 2018). This case presents the same scenario and same legal issues against the current defaulting defendant. The same result should be reached.

Plaintiff George Kenneth Schopp ("**Plaintiff**") moves the Court to enter default judgment under Fed. R. Civ. P. 55(b)(2) against Defendant Quick Capital Funding, LLC ("**Quick Capital**" or "**Defendant**") because it has failed to appear, plead, or otherwise defend as provided by the Federal Rules and Plaintiff is entitled to judgment. The legal and factual bases supporting this Motion are set forth below and in Exhibit A in support hereof filed contemporaneously herewith.

## II.   INTRODUCTION

Several years ago, Plaintiff's name and phone number were inadvertently placed on a call list of small business owners. Since that time Plaintiff has received voluminous unwanted and unsolicited sales calls from the merchant cash advance industry. The Plaintiff has never been self-employed nor had his phone number published with such intent. This erroneous "call list" has caused hundreds or thousands of nuisance calls violating the Plaintiff`s right to privacy and solitude afforded under the TCPA. *See* Dkt. #1, at ¶ 5.1.

This is an action to recover for the unlawful actions of Quick Capital as set forth in Plaintiff's Complaint (Dkt. #1).   Plaintiff brought this action to enforce the consumer-privacy provisions of the TCPA. *See* Dkt. #1, at ¶ 1. Plaintiff's cell phone number is registered on the National Do Not Call Registry (the "**Registry**"), which allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. §

64.1200(c)(2); Dkt. #1, at ¶ 1.2. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2). The TCPA also prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

Defendant made at least 16 calls with an auto-dialer to Plaintiff's cell phone number that was listed on the Registry. Therefore, Defendant violated Sections 227(c) and 227(b)(1)(A)(iii) of the TCPA. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff filed suit on November 6, 2020 against Defendant for such violations. *See* Dkt. #1. Defendant has failed to appear, plead, or otherwise defend in this action for more than 45 days. The Clerk entered her Entry of Default on January 27, 2021 (Dkt. #8). Plaintiff is now entitled to judgment.

### III.   FACTS

1. Plaintiff is the owner of and user of the cellular telephone number 469-358-1358. Dkt. # 1 ¶ 5.2. Plaintiff registered the telephone number 469-358-1358 on the Registry and had it registered on the Registry for more than 31 days before the beginning of the calls at issue. Dkt. # 1 ¶ 5.6. Plaintiff is the "called party" with respect to the calls placed to this cellular telephone number. Dkt. # 1 ¶ 5.2. *See* 47

U.S.C. §227 (b)(1)(A)(iii). Each of the telephone calls at issue were made to Plaintiff's cellular telephone number 469-358-1358. Dkt. #1 ¶ 5.2. None of the calls at issue were placed by Defendant to Plaintiff's cell phone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A), nor with the consent of Plaintiff. Dkt. #1 ¶¶ 5.2, 5.5. Plaintiff is not a customer of Defendant. Dkt. # 1 ¶ 5.5.

2. Beginning on October 7, 2019, Plaintiff began receiving telephone calls directly from Defendant or from Defendant's telemarketing representative who made the telephone calls as the agent for and on behalf of Defendant (all references hereinafter to Defendant will include Defendant's telemarketing representatives). Dkt. # 1 ¶¶ 5.3 - 5.4. The telephone calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Dkt. # 1 ¶ 5.4.

3. Between October 7, 2019 and November 5, 2020, Plaintiff received 16 calls from Defendant to his cellular telephone number 469-XXX-1358. Dkt. # 1 ¶¶ 5.9 – 5.11. Defendant made such calls through an automatic telephone dialing system. Dkt. # 1 ¶ 5.2.

4. During some of the calls, Plaintiff told the caller that he "sues telemarketers" and "don't call again." Dkt. # 1 ¶¶ 5.13 – 5.14.

5. Plaintiff filed this action on November 6, 2020 (*see* Dkt. #1), to recover for the unlawful actions of Defendant. Defendant was properly served with a copy of Plaintiff's Complaint in this cause on November 30, 2020. *See* Dkt. #4; Dkt. #7, ¶2. Pursuant to Federal Rule 55(a), the Clerk entered his Entry of Default against Defendant on January 27, 2021, as Defendant has failed to plead or otherwise defend in this matter. *See* Dkt. #8; Fed. R. Civ. P. 55(a).

## IV. STANDARD OF REVIEW

In *Twist & Shout Music v. Longneck Xpress, N.P.,* 441 F. Supp. 2d 782 (E.D. Tex. 2006), the court set forth the details regarding securing a default judgment against a defendant who has failed to appear as follows:

> Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996). A "default" occurs when the defendants do not plead or otherwise respond to the complaint, and an entry of default is the notation the clerk makes after the default is established by affidavit. *Id.* The effect of the entry of default is that it cuts off the defendants' right to appear in the case with respect to liability issues. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Rlty. Corp.,* 973 F.2d 155, 160 (2nd Cir.1992).
>
> After the entry of default by the clerk, a party may seek a default judgment from the court. Fed.R.Civ.P. 55(b)(2).

*Id.* at 783.

In *Jones v. Lockhart, Morris & Montgomery, Inc,* No. 1:11-CV-373, 2012 WL 1580759 (E.D. Tex. Feb. 3, 2012), the court set forth this circuit's considerations for determining whether default judgment should be entered as: 1) whether material issues of fact are at issue; 2) whether there has been substantial prejudice; 3) whether the grounds for default are clearly established; 4) whether the default was caused by a good faith mistake or excusable neglect; 5) the harshness of a default judgment; and 6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Jones,* 2012 WL 1580759, at *3 (quoting *Lindsey, et al v. Prive Corp. et al,* 161 F.3d 886, 893 (5th Cir. 1998)). In making its determinations, a court is obliged to accept as true all well pleaded allegations of fact in the complaint. *Jones,* 2012 WL 1580759, at *3. Indeed, the Fifth Circuit has long established that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1995).

Regarding damages, the court in *Twist & Shout* stated that if "the amount of the judgment can be reliably computed from the record, no hearing is necessary" and default judgment may be entered by the Court. 441 F. Supp. 2d at 784.

## V. DISCUSSION OF DEFAULT JUDGMENT

### A. There are no issues of material fact.

In the case at hand, the facts asserted in the complaint are well-pled. By failing to answer the complaint, the Defendant admits the well-pleaded factual allegations therein and "is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co.,* 515 F.2d at 1206. Once the Defendant is in default, the Court must accept as true all facts set forth in the complaint aside from those relating to damages. *See Frame v. S–H, Inc.,* 967 F.2d 194, 205 (5th Cir.1992). "On this basis, default judgment may be lawfully entered." *Jones,* 2012 WL 1580759, at *3 (citing *Thomas v. Wooster,* 114 U.S. 104, 113 (1885) (default judgment maybe lawfully entered "according to what is proper to be decreed upon the statements of the bill, assumed to be true")). Thus, in the case at hand, there are no issues of material fact before this Court.

### B. There is no substantial prejudice or harshness of default judgment for Defendant.

The Defendant has not answered the complaint or otherwise defended this matter, after being properly served, nor have they indicated that they will appear or otherwise respond. Taking the well-pled facts of the complaint as true, the Plaintiff

has asserted meritorious causes of action based upon the Defendant's calls to Plaintiff. *See* Dkt. #1, ¶¶ 1, 7, 8, and 9.

The Defendant has clearly opted not to appear after ample notice and has failed to answer the Plaintiff's claims in any manner. This "dilatoriness and noncompliance establishes that any prejudice to the [Defendant] or harshness in entering default is clearly outweighed by the prejudice to the [P]laintiff if the Court fails to enter judgment in the [P]laintiff's favor." *Jones,* 2012 WL 1580759, at *3.

    **C.**    **The grounds for default are clearly established.**

The record in this case clearly shows that Plaintiff successfully perfected service of process on Defendant. *See* Dkt. #4. Defendant has not answered or otherwise responded to Plaintiff's Complaint. The Clerk entered his Entry of Default against Defendant on January 27, 2021. *See* Dkt. #8; Fed. R. Civ. P. 55(a). Plaintiff submits herewith an affidavit by his counsel outlining the statutory damages to be awarded. Exhibit A. *See Twist & Shout,* 441 F. Supp. 2d at 784 (if "the amount of the judgment can be reliably computed from the record, no hearing is necessary" and default judgment may be entered by the court); *J&J Sports Prods., Inc. v. Rivera,* CIV.A. H-13-902, 2014 WL 3533472, at *1 (S.D. Tex. July 14, 2014)("[A] default judgment may be entered if the plaintiff's claim is for a sum certain or a sum which can be made certain by computation; otherwise the court must hold a hearing **or review a demonstration by detailed affidavits where the**

**damages are not . . . easily computed**.)(citations omitted)(emphasis added). This Affidavit, together with the well-pled Complaint, taken as true, establishes the damages to which the Plaintiff is entitled. Thus, grounds for default are clearly established, and the Court may consider default judgment.

  **D. There is no excusable neglect or good faith mistake.**

Again, the Defendant was properly served notice of the Complaint and has "failed entirely to respond." *Jones,* 2012 WL 1580759, at *4. Under these circumstances, the Court should find no good faith mistake or excusable neglect on Defendant's part. *See Jones,* 2012 WL 1580759, at *4. "Willful failure to answer a complaint is a sufficient reason for granting a motion for default judgment." *Id.* (citing *CJC Holdings v. Wright & Lato,* 979 F.2d 60, 64 (5th Cir.1992)).

  **E. There exist no facts in the record that would constitute good cause to set aside a default judgment.**

From the evidence before this Court, including Plaintiff's counsel's affidavit and the well-pled Complaint, taken as true, there exist no facts in the record "that would constitute good cause to set aside a default judgment" in this case. *J&J Sports,* 2014 WL 3533472, at *2. Thus, this Court should find that default judgment is appropriate here. *See id.*

## VI.   DISCUSSION OF AND REQUEST FOR DAMAGES

Damages under the TCPA are set by statute.  Thus, Plaintiff seeks statutory damages.

Plaintiff seeks default against Defendant in the amount of $48,000 for the willful violations of the TCPA by Defendant.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5); 47 U.S.C. § 227(b)(1)(A)(iii); 47 U.S.C. § 227(b)(3).   This amount is comprised of $1,500.00 in statutory damages for each of 16 calls that were willful violations of Section 227(c) of the TCPA and $1,500.00 in statutory damages for each of the same 16 calls that also violated Section 227(b)(1)(A)(iii) of the TCPA.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5); 47 U.S.C. § 227(b)(1)(A)(iii); 47 U.S.C. § 227(b)(3). Plaintiff also seeks recovery of his costs in this matter, in the amount of $503.00. These sums are supported by the Affidavit of undersigned, attached in the Exhibit filed contemporaneously herewith.  *See* Exhibit A.

The TCPA provides for a private right of action for violations of the TCPA's auto-dialing prohibitions and further allows for a person claiming a violation of the TCPA to receive $500.00 in statutory damages for each such violation. *See* 47 U.S.C. § 227(b)(3)(B). The TCPA further provides that if the Court finds that the Defendant willfully or knowingly violated the TCPA, the Court

may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available ($500.00) under 47 U.S.C. § 227(b)(3)(B). *See* 47 U.S.C. § 227(b)(3). In this action, the Plaintiff's Complaint, taken as true, establishes that the Defendant violated the TCPA's auto-dialing prohibitions on 16 separate occasions when it contacted Plaintiff via his cellular phone between October 7, 2019 and November 5, 2020. *See* Dkt. #1, ¶¶ 5.9 – 5.11. Furthermore, Plaintiff has also pleaded (and has accordingly established by obtaining a default) that the Defendant acted willfully and knowingly in violating the TCPA. *See* Dkt. #1 ¶¶ 5.13 – 5.16. Accordingly, he is entitled to the maximum $1,500.00 for each violation under 47 U.S.C. § 277(b)(3) (three times the $500 provided for in 47 U.S.C. § 277(b)(3)(B)).

The TCPA also provides for a private right of action for violations of the TCPA's Do Not Call Registry provisions, and also allows for a person claiming a violation of such TCPA provisions to receive $500.00 in statutory damages for each violation. *See* 47 U.S.C. § 227(c)(5)(B).[1] Further, the TCPA also provides that if the Court finds that the Defendant willfully or knowingly violated the TCPA in this

---

[1] *See Schopp v Results National, LLC*, Civil Action No.: 4:16-cv-00890, Dkt. 33 at 8 (E.D. Tex. Oct.4, 2018), *report and recommendation adopted*, Civil Action No.: 4:16-cv-00890, Dkt. 35 (E.D. Tex. Oct.30, 2018). *See also Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011)("We therefore conclude that a person may recover statutory damages of $1500 for a willful or knowing violation of the automated-call requirements, § 227(b)(3), and $1500 for a willful or knowing violation of the do-not-call-list requirements, § 227(c)(5)—even if both violations occurred in the same telephone call."); *United States v. Dish Network LLC*, No. 09-3073, 2017 WL 2427297, at *114 (C.D. Ill. June 5, 2017).

instance, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available ($500.00) under 47 U.S.C. § 227(c)(5)(B). *See* 47 U.S.C. § 227(c)(5). Again, in this case, the Plaintiff's Complaint, taken as true, establishes that the Defendant violated the TCPA's Do Not Call Registry provisions on 16 separate occasions when it contacted Plaintiff via his registered phone number between October 7, 2019 and November 5, 2020 *See* Dkt. #1, ¶¶ 5.9 – 5.11. Again, Plaintiff has also pleaded (and has accordingly established by obtaining a default) that the Defendant acted willfully and knowingly in violating the TCPA in these instances. *See* Dkt. #1 ¶ 5.13 – 5.16. Accordingly, Plaintiff is entitled to the maximum $1,500.00 for each violation under 47 U.S.C. § 277(c)(5) (three times the $500 provided for in 47 U.S.C. § 277(c)(5)(B)).

As stated previously, if the amount of the judgment can be reliably computed from the record, no hearing is necessary and default judgment may be entered by the Court. *Twist & Shout*, 441 F. Supp. 2d at 784. A default judgment may be entered if the Plaintiff's claim is for a sum that can be made certain by computation upon a review of detailed affidavits and other information put before the Court. *J&J Sports,* 2014 WL 3533472 at *1 (citations omitted). Plaintiff asserts that the information provided in the Complaint and in Exhibit A filed herewith

(affidavit of Mr. Miltenberger, counsel for Plaintiff) allows this Court to compute the damages to be paid to Plaintiff by Defendant.

## VII. CONCLUSION

Plaintiff filed suit on November 6, 2020 against Defendant for violations of provisions of the TCPA. Although Defendant was properly served in this action, Defendant has failed to appear, plead, or otherwise defend in this matter. The Clerk entered his Entry of Default on January 27, 2021 (Dkt. #8). Plaintiff is now before this Court and asks that his Motion for Default Judgment be granted, and judgment entered against Defendant in the amount of $48,000.00, together with costs incurred in the amount of $503.00, for a total of $48,503.00.

Respectfully submitted:

By:     */s/ Chris R. Miltenberger*
        Chris R. Miltenberger
        Texas State Bar Number 14171200
        Designated as Lead Attorney

The Law Office of Chris R. Miltenberger, PLLC

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff

## Certificate of Service

The undersigned certifies that today, the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules. Defendant has not yet appeared.

By:     */s/ Chris R. Miltenberger*
        Chris R. Miltenberger